UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HEIDI WHITFIELD, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| MELVIN PLATT; | § | |
| CVRx INC; | § | Civil Action No. 3:18-CV-03101-X |
| MARTIN R. BERK; | § | |
| JOHN GEORGE; | § | |
| CARDIOVASCULAR RESEARCH | § | |
| INSTITUTE OF DALLAS INC; | § | |
| CARDIOLOGY AND | § | |
| INTERVENTIONAL VASCULAR | § | |
| ASSOCIATES; | § | |
| SETH WILKS; | § | |
| PATRICK MANNEN; | § | |
| CRAIG PALMER; | § | |
| TODD VAN BUREN; and | § | |
| ALEXANDER SANEFF, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER AND OPINION

Plaintiff Heidi Whitfield alleges that the defendants, several doctors and medical providers, negligently caused the death of her husband.  Whitfield sued the defendants for general and medical negligence in state court.  They removed the case to this Court under 28 U.S.C. § 1441(a), and this Court has federal question jurisdiction under 28 U.S.C. § 1331.  The defendants moved for summary judgment

in four separate motions.[1]  Whitfield did not respond to any of these motions, even when the Court ordered her to respond or show cause for the lack of a response [Doc. No. 92].  Each motion is ripe.  The Court **GRANTS** the motions for summary judgment, concluding that Whitfield failed to meet her burden to produce any evidence supporting the causation element of her negligence claims.

### I. Facts

Whitfield's husband, the Decedent, received a Barostim Neo implementation as part of an FDA-approved clinical investigation.  (Doc. No. 87 at 2).  Decedent already possessed a subcutaneous implantable cardioverter defibrillator implant. Decedent later developed a cardiac arrythmia, which the defibrillator is designed to detect and treat.  The implanted defibrillator did not treat the arrythmia, and Decedent died as a result.  The defendants are physicians, health care providers, and a medical device provider involved in the device implantation and treatment of Decedent.  Whitfield alleges that the Barostim Neo device interfered with Decedent's implanted defibrillator, causing it to miss the cardiac arrythmia that caused his death.  Whitfield claims the defendants' allegedly negligent acts and omissions are ultimately responsible.

### II.  Legal Standards

---

[1] Motion for Summary Judgment filed by John George [Doc. No. 79].  Motion for Summary Judgment filed by Melvin Platt [Doc. No. 82].  Motion for Summary Judgment filed by Martin R Berk, Cardiology and Interventional Vascular Associates, Cardiovascular Research Institute of Dallas Inc. [Doc. No. 86].  Motion for Summary Judgment filed by CVRx Inc, Patrick Mannen, Craig Palmer, Alexander Saneff, Todd Van Buren, Seth Wilks [Doc. No. 89].

Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  "A fact is material if it 'might affect the outcome of the suit'" and "[a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[3]  Courts "resolve factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[4]  Thus, "the nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence."[5]  A party asserting that a fact cannot be genuinely disputed may support its assertion by showing that the materials cited do not establish the presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[6]

Under Texas law, the essential elements of a general negligence claim are (1) the existence of a legal duty to the plaintiff, (2) breach of such duty by the defendant, (3) proximate cause, and (4) injury to the plaintiff.[7]  The essential elements of a medical negligence claim are (1) establishment of the applicable

---

[2] FED. R. CIV. P. 56(a).

[3] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (alteration in original) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[4] *Antoine v. First Student, Inc.,* 713 F.3d 824, 830 (5th Cir. 2013).

[5] *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quotation marks omitted).

[6] FED. R. CIV. P. 56(c)(1)(B).

[7] *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).

standard of care, (2) breach of an applicable standard of care, and (3) injuries proximately caused by breach of an applicable standard of care.[8]  Expert testimony is necessary to establish each element of a medical negligence claim.[9]  In order to be admissible, expert testimony must come from a qualified witness, be sufficiently reasonably based and reliable to allow for its admission as evidence and cannot be conclusory.[10]  Parties bear the burden of showing their experts are qualified.[11]

## III. Application

Here, the defendants argue they are entitled to summary judgment because Whitfield failed to produce any evidence that supports the causation element required to make a prima facie case in any negligence cause of action.  Specifically, they argue that nothing in the information disclosed about Dr. Stein, Dr. Patel, or Dr. Minna—Whitfield's retained, but undesignated experts—shows they are qualified to offer opinions concluding that Decedent would be alive but for the defendants' acts or omissions.[12]  Causation, the notion that a defendant's activity proximately caused the plaintiff's injury, is an essential element to any negligence claim.  Facts are needed to establish causation, and an unqualified expert's opinions are not admissible to

---

[8] *Creech v. Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 411 S.W.3d 1, 5–6 (Tex. App.—Dallas 2013, no pet.); *Gross v. Burt*, 149 S.W.3d 213, 252 (Tex. App.—Fort Worth 2004, pet. denied).

[9] *Hart v. Van Zandt*, 399 S.W.2d 791, 792 (Tex. 1965); *Creech*, 411 S.W.3d at 6.

[10] FED. R. EVID. 702; see also TEX. CIV. PRAC. & REM. CODE §§ 74.401, .403; *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 592–93 (1993).

[11] *Matthis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002); *Double Diamond Del. Inc. v. Homeland Ins. Co.*, No. 3:17-CV-01403-X, 2020 WL 4284613, at *1 (N.D. Tex. July 27, 2020).

[12] Doc. No. 80 at 8; Doc. No. 83 at 8; Doc. No. 87 at 9–10; Doc. No. 90 at 10–11.

establish facts.[13]  Whitfield could have defeated this argument by producing expert affidavits that establish her expert's qualifications to opine on causation and explain the casual link between the defendants' allegedly negligent conduct and the Decedent's death.  Whitfield, however, did not respond to any of the four motions for summary judgment—even despite a court order to do so.  By refusing to respond, Whitfield failed to meet her burden to qualify her experts or otherwise produce evidence of causation.  As such, the defendants are entitled to judgment as a matter of law.

## IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** the motions for summary judgment [Doc. No's. 79, 82, 86, 89], based on the finding that Whitfield failed her burden to produce evidence supporting the essential causation element of negligence. **IT IS SO ORDERED** this 7th day of October, 2020.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[13] FED. R. EVID. 702.